Harvin vs. Blackman.

No. 14,232.

MARION HARVIN vs. THEOPHILUS BLACKMAN.

SYLLABUS.

1. If an appellee has, in point of fact, placed the record in such shape in the District Court as would entitle him, in case of an appeal by his opponent, to maintain by the record the judgment in his favor, it is the duty of appellant to place the record before the court on appeal in the same condition, but it is no part of his duty to come to appellee's assistance and make out a proper record for him, if he, through negligence, has failed to do so himself.

2. An appellant is entitled, acting in his own interests, to have a statement of facts made out, but he is not called upon to do so in the interest of the appellee.

3. The district judge cannot be called upon to make out a statement of facts in a case after an appeal has been perfected therein, either by motion in the District Court or *certiorari* from the Supreme Court.

4. Plaintiff cannot be divested of the ownership of real estate worth four thousand dollars by the verbal admission and conclusion of law of an attorney at law, that a plea of estoppel filed by the defendant is well founded, without any evidence in the record back of the admission.

5. Courts have frequently declared that a lessee is estopped from contesting the lessor's title, while he holds possession under the lease, but this is subject to exceptions. If the lease itself was the result of force or violence, the facts connected with the same should be examined into. Estoppels are not

favored in the law particularly when advanced *in limine* by way of exception. It is better that such pleas should be determined after trial and hearing upon the whole case. (Succession of Frances, 49 Ann. 1740.)

APPEAL from the Eleventh Judicial District, Parish of Red River —*Porter, J.*

The fact that the defendant died two days prior to the rendition by this court, on March 17th, A. D. 1902, of the judgment in this case, having been formally called to the attention of the court, and it appearing by papers filed that the widow of the deceased has been duly recognized by the court below as natural tutrix of the minor heirs of the defendant and has qualified as such, and it appearing further that the widow in her own right and as tutrix aforesaid, and likewise the major heirs of the defendant, have come forward and made themselves by plea filed parties to this appeal in lieu and stead of the deceased defendant, the court orders the judgment aforesaid, rendered on the 17th of March, A. D. 1902, to be set aside, and now hands down anew the same opinion and judgment as of this date as the opinion and judgment of the court in the case, which judgment or decree is as follows, to-wit:

## STATEMENT OF THE CASE.

The plaintiff alleged that on March 13th, 1893, he acquired from the defendant, under private act duly recorded in the Parish of Red River, for the price of twelve hundred and fifty dollars, certain real estate, which he described, containing two hundred acres, more or less, as shown by deed which he declared he annexed and made part.

That when he acquired said property, it was in the woods and had no improvements of any kind whatever on it, and that since the acquisition of said property he had cleared up and put in a high state of cultivation about one hundred and twenty acres of it, fenced it, built houses, outhouses, cisterns and tenant houses necessary for the successful operation of it as a farm, at his own expense, which improvements were well worth the sum of two thousand five hundred dollars.

That he had fully paid and settled the purchase price of said land, as will more fully appear on the trial.

That on January 9th, 1899, after he had fully paid for said place, or was prepared to and had offered to pay whatever amount might be due to said Blackman, the said Blackman sent for him to come to his house

for the purpose of arranging any difference still existing between them, and that while in the said Blackman's house, on this peaceable mission, the said Blackman, with threats and attempted violence, compelled petitioner by force and against his will and consent, to sign a deed conveying the above described property back to said Blackman, which deed was recorded in Book "I" of conveyances, p. 14.

That the aforesaid deed stipulates as a consideration for said sale the sum of twelve hundred dollars cash, which sum was never paid, nor did petitioner at said time know what price, or that any price, was fixed in the deed for the sale of said land, the same being executed against his will and consent.

That said described property was well worth the sum of four thousand dollars, and that the sale from him to the said T. Blackman, of date January 9th, 1899, was null and void, for the reason that said sale was made under duress, as above set forth and against the will of petitioner and without his consent, and for the further reasons that there was no consideration for said sale.

He showed that by law he was entitled to have said sale of date January 9th, 1899, rescinded and revoked and set aside.

That in the alternative, that in the event the court held that the aforesaid deed from himself to T. Blackman, of date January 9th, 1899, should not be rescinded, then, and in that event, he desired and was entitled to a judgment against the said T. Blackman in the full sum of twelve hundred dollars, with five per cent. interest thereon from January 9th, 1899, being amount stipulated in said deed as the consideration of said sale, which was in no manner paid or settled.

That at the time he signed said deed to said Blackman, on January 9th, 1899, said Blackman threatened to take his life if he ever divulged the fact of his having signed said deed under duress, and that he had remained in fear of his life since said time.

That said forced sale left him without means to prosecute a suit to rescind the said sale, and that he, being an uneducated and unskilled colored man, had to depend upon hard manual labor to earn said means, at the same time having to support a large family, and that at the earliest possible moment he instituted this suit.

In view of the premises, petitioner prays for service and citation hereof, and that after due proceedings had, he have judgment against the said Theophilus Blackman, revoking, rescinding and setting aside the

sale from himself to the said Blackman of date January 9th, 1899, and recorded in Book "I" of Conveyances, p. 14, of the property hereinbefore described, and that he be restored to the quiet possession thereof.

But in the event the court refused to rescind said sale, then, in the alternative, he prayed for judgment against the said Blackman in the sum of twelve hundred dollars, with five per cent. per annum interest thereon, since January 9th, 1899, being the consideration stipulated in said deed which was not paid.

He further prayed for all orders and decrees necessary, for costs, for general and equitable relief.

The petition was filed on November 5th, 1900.

Defendant, without in any way answering the demand of the plaintiff, filed a plea of estoppel. He averred that he was the owner of the property described in plaintiff's petition; that for the first several years the plaintiff had leased the same from him and in January, 1899, he leased the same to plaintiff for the period of three years, that is for the years 1899, 1900 and 1901, for the price and sum of $300.00 per year for the years 1900 and 1901 and $165.00 for the year 1899, and that the said Marion Harvin executed his three notes in favor of the appearer for the said sum of $300.00 and $165.00, payable one each year; that the notes due for the rent of the years 1899 and 1900 have been paid and that he now holds the note for the rent of said land for the year 1901, a copy of which was annexed to and made part hereof, and contract of lease for the year 1899 also annexed hereto and made a part hereof.

That the said plaintiff, Marion Harvin, was in possession of the land described when this suit was brought, and was now in possession of said premises as the tenant of defendant and that as lessee and holding under this defendant, he was estopped from in any manner disputing and contesting defendant's title to the said land and that his suit should be dismissed.

In view of the premises he prayed that this plea of estoppel be filed and that same be maintained and the suit against him be dismissed, and for all orders necessary, and for costs and for general relief.

The plea was tried and judgment was rendered by the District Court in favor of the defendant and against the plaintiff, dismissing his demand at his costs. The judgment was declared by the court to have been rendered *"by reason of the law and the plea of estoppel filed."*

The plaintiff by petition applied for and obtained an order of appeal at chambers. He gave an appeal bond, which was approved on the 8th. of November, 1901.

The transcript of appeal was filed in the Supreme Court on November 22, 1901, and on the same day the defendant moved to dismiss the appeal in the following words: "The transcript is not complete, and does not show the evidence or admission on which the judgment of the District Court was rendered. That he filed in the District Court a plea of estoppel on the ground that the plaintiff held the property in controversy as his tenant under a lease contract, to which plea were attached the rent notes of plaintiff in his favor, and plaintiff's counsel admitted in open court that the facts set up in the plea were true, and did not require the evidence or admission to be taken down in writing; that the appellant had made no effort to have the record completed by getting a statement of facts from the opposing attorneys, nor from the court, which statement of fact could have been easily obtained. That defendant himself had made application in open court to have the record completed by filing a motion for same, a copy of which he annexed and made part of this motion to dismiss, which motion the district judge denied, to which ruling of the court appellee excepted and reserved a bill of exceptions; that the judge gave as his reason in the bill of exceptions for denying the motion, that an appeal had been granted and a bond for appeal filed, and he did not think he had any authority to grant any further orders or take any further proceedings in the case, but that the counsel for plaintiff did admit in open court that the notes for rent of the defendant, annexed to the plea of estoppel, were genuine and that the plea of estoppel was good; that he annexed a certified copy of the bill of exceptions and made the same part of his motion to dismiss and also copy of the minutes of the court, showing the filing of said minutes; that it was the duty of the appellant to complete the record, and he not only had failed to do so, but had refused to permit him, the appellee, to complete the same by having a statement of facts placed therein." In view of the premises he prayed that the appeal be dismissed.

In the bill of exceptions filed by appellee the district judge refused to make out a statement of facts for the reasons stated, but added that "in order to avoid delay in the event the Supreme Court should think differently, he would state that on the trial of the exception referred to

counsel for plaintiff in open court admitted that the notes annexed to the exception and plea of estoppel were genuine and that the plea was good."

After this motion was filed plaintiff's counsel consented and agreed that the statement of facts made by Judge C. V. Porter in the bill of exceptions of date November 14, 1901, a copy of which was annexed, should be filed in the record and that same go into the transcript as the judge's statement of facts in the case, as if made and included in the original transcript, agreeing that the court shall consider the statement of facts in the case as fully as if ordered to be filed on this *certiorari* being made peremptory.

The explanation of this agreement is that the appellee had, after making a motion to dismiss, applied to this court for a *certiorari* addressed to the district judge directing him to make out a statement of facts in the case.

· The clerk of the court certified that the record delivered by him contained a true and correct transcript of the proceedings had and documents filed with all the minutes of the court and all the evidence adduced in the case.

---

*Sutherlin & Hall,* for Plaintiff, Appellant.

---

*Egan & Scheen,* for Defendant, Appellee.

---

The opinion of the court was delivered by

NICHOLLS, C. J. It will be seen that while the appellee was seeking to have the appeal dismissed on the ground that through appellant's fault the transcript was not complete and did not show the evidence or admission on which the judgment of the District Court was rendered, he himself was attempting to have the record made up so as to show those facts by means first, of an application to the district judge after the appeal in the case was perfected to make out a statement of acts, and subsequently through a *certiorari* from this court to the judge, directing him to make out such a statement in order to "correct the record." It is evident that the appellee was apprehensive, if the appeal was not dismissed *in limine* upon the ground that the appellant was at fault, in sending up the transcript as made, and the case should be taken up on the merits that he himself would be held to blame in not having placed the record in

such shape in the lower court, as would warrant and justify the appellate court, in case of an appeal, in affirming the judgment of the District Court in his favor. It is unquestionably true that if an appellee has in point of fact placed matters in the District Court in such shape as would entitle him in case of an appeal by his opponent to maintain by the record, the judgment rendered in his favor, an appellant will be required to place matters before the Supreme Court in the same condition, but it is no part of the duty of an appellant to come to appellee's assistance if the latter has through *laches* and negligence on his part failed to make out for himself a proper record. He should have anticipated the possibility of his opponent's appealing and taken precautions to safeguard his interests to meet that contingency. An appellant is entitled, acting in his own interests, to have a statement of facts made, if he claims the right at the time in the manner and under the circumstances fixed by the law, but an appellee cannot for his own benefit require him to do this. He himself must initiate matters and protect himself according to law. We have no reason to suppose that the record brought up is not precisely such as the clerk certified it to be. We cannot dismiss the appeal. It is hereby maintained. Maintaining the appeal forces us into an examination of the record to ascertain from it whether the judgment appealed from can be affirmed.

We may say here that the application made by the appellee to the district judge after the appeal was perfected in this case, to make out a statement of facts, the refusal of the district judge to grant that application, and the bill of exceptions taken to that refusal, are matters not properly before us. This all occurred in the District Court after it had lost jurisdiction of the appeal taken in the case. That such statement cannot be called for after an appeal has been taken is well settled. The district judge cannot be required to make such a statement through a *certiorari* directed to him under a claim of "correcting the record," for there was no "error" to "correct," so far as any "statement of facts" was concerned. If appellee's idea was that the minutes should have been shown and did not show that evidence was introduced and what that evidence was, and that admissions were made, and what those admissions were, the remedy, if permissible, was not through an amendment and correction of the minutes and not by a statement from the district judge. Our attention is called to the fact that the district judge in the bill of exceptions admitted as a fact that pliantiff's counsel

had admitted on the trial that the notes annexed to defendant's plea of estoppel were genuine, and the plea of estoppel was good. That declaration was made by the judge only contingently to meet the case of this court's ordering him to make a statement of facts. As we have given no such order, the declaration is not before us officially. Were we to take notice of it at all, it would be simply by force of a consent and recognition by the parties themselves that that statement was true in fact.

Turning to the record, we find that the act of purchase, on which plaintiff declares was not in point of fact annexed to his petition, though alleged to be so, and that the note and act of lease annexed to defendant's plea were never offered in evidence, though they may have been referred to. They are in the record solely because they were attached to the plea, not because they were filed in evidence. Had they been offered in evidence they would have been filed and referred to. Had they been introduced in evidence they would not, even on defendant's theory of estoppel, have entitled the defendant to a judgment, for neither the note nor the act of lease are identified as covering the land which the plaintiff claims in this suit.

Granting everything that the defendant claims, it amounts to nothing more than this: that without either the note or the act of lease being in evidence, the plaintiff's attorney *admitted* they were genuine, and *admitted* as a matter of LAW arising from that fact that defendant's plea of estoppel was good. It may be that plaintiff's counsel was authorized to admit the genuineness of plaintiff's signature to the note and act of lease, and that on that admission being placed of record and the instruments themselves being admitted in evidence, the judge on the evidence might have ruled against the plaintiff, but these were not the facts.

Plaintiff, by the judgment, is divested of real estate which, under his allegations (which defendant does not deny), is worth four thousand dollars, solely through verbal admissions and conclusions of law, of an attorney at law, without any evidence in the record back of the admission. And this admission and conclusion of law is made in the face of pleadings that whatever paper title the defendant may have, it was extorted from him by force and violence, on the part of the defendant, *placing him in fear of his life, which continued up to the filing of the suit.* It is difficult to apply the doctrine of estoppel to this condition

of facts. It is very true that the courts have frequently recognized that a person who has entered into possession of property under lease from another, will not generally be permitted during the continuance of the lease, to impugn the lessor's title, but this doctrine has numerous exceptions. Its application should be invoked in aid of working out equity and not made to cover wrong. Estoppels are not favored in the law, and where there is reason even to suspect that they may be utilized for purposes of oppression, the whole subject-matter from which they seek to exclude investigation should be thrown open to the light. It may be that plaintiff's assertions are all wrong and that defendant's claim that he is estopped may be well grounded, but we feel that justice would be better subserved in this case by dealing with the question of estoppel at the end of a trial after evidence adduced, than at the beginning of one *on unexplained papers*. Succession of Frances, 49 Ann. 1740.

If a person in possession of property as owner is forced by another by violence and through fear to give him a deed for the same, and under the influence of the same violence and fear, the original legal possession of the owner is continued under a forced possession as lessee, all enquiry into all the circumstances of the case is cut off, under the doctrine of estoppel, the rights of men would be made to rest on frail foundations and weakness placed at a great disadvantage. Plaintiff did not by direct and specific allegations refer to and attack the lease, which the defendant alludes to as having been equally occasioned and continued by violence, but he did allege that he had been in constant fear since the deed of sale was passed. There may have been some special and good reason for this. Possibly the lease did not in fact cover the same property; possibly he anticipated that if defendant should set up an estoppel by reason of the lease that he would do so by way of defense in an answer instead of by way of exception, and he could in rebuttal or replication attack the lease, when so set up, and that he could do this more advantageously than through direct attack originally. Be this as it may, we see enough in the pleadings to admonish us to proceed cautiously in this matter. If defendant has acted legally and properly in respect to this property, he has nothing to fear from investigation, and we think all the circumstances of the case should be ascertained, and that for this purpose both parties should be permitted to amend their pleadings. We reach this conclusion the

Construction Company vs. Tax Collector et als.

more readily because independently of this particular question, the judgment rendered must be reversed and the cause remanded. Granting that the plaintiff were estopped from contesting defendant's title to the property by reason of his occupying towards him the position of a lessee, that fact would not cut him off from setting up and recovering judgment upon his alternative demand if he could make good his allegations.

For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that this cause be reinstated on the docket of the District Court to be there proceeded with according to law, leave being hereby granted to both parties to amend their pleadings.

Rehearing refused.