(Court of Appeal, Parish of Orleans)

## CITY OF NEW ORLEANS vs P. G. RIDDELL.

### ON MOTION TO DISMISS.

1. Insufficiency of the transcript may furnish ground for dismissal of an appeal after hearing on the merits but not on a motion to dismiss *in limine.*

2. Whether a particular record presents sufficient *data* upon which an Appellate Court would be justified in avoiding or amending a judgment, can only be known after it shall have heard the contention of the parties and made an examination of the transcript filed.

Appeal from Civil District Court, Division A.

Lapeyre, Monroe & Breazeale, for Interventor and Appellee.

Dinkelspiel & Hart, for Defendant and Appellant.

DUFOUR J.   This motion rests on the suggestion that the transcript is incomplete, "that the whole record has not been sent up to this Court, ·but merely such parts thereof as Counsel for appellant was pleased to collect, and to instruct the Clerk to include in the record."

The appellant replies that the record is full and complete in so far as the only issue brought up for review is concerned.

"Insufficiency of the transcript may furnish ground for dismissal of an appeal after hearing on the merits, but not on a motion to dismiss *in limine.*   Whether a particular record presents sufficient *data* upon which an Appellate Court would be justified in avoiding or amending a judgment below can only be known after it shall have heard the contention of the parties and made an examina.ion of the transcript filed.."

49 An. 786; 51 An. 1562.

Motion denied without prejudice.

### ON MOTION TO DISMISS AND THE MERITS.

1. Where an appellee files an answer to the appeal wherein

he seeks to increase the judgment in his favor, he waives his motion to dismiss the appeal for formal irrregularities.  39 A. 359.

2.  Nor can he as intervenor and appellee, whose intervention was separately and subsequently tried to the main action urge ircompleteness of the transcript of appeal which recites only the evidence adduced at the trial of the Intervention and under direction of appellant, omits that taken on trial of the main issue, not reduced to writing and not offered below by appellee.  It is no part of appellant's duty to come to the assistance of an appellee who through laches or negligence fails to make out for himself a proper record.  108 La. 432.

3.  Where in expropriation proceedings an intervenor has acquiesced in the decree which could be rendered in plaintiff's favor and who has deposited in Court the amount of the award, intervenor has virtually joined the plaintiff and want of citation and of default will not be entertained as such an assignment as would reverse the decree so far as the intervenor is concerned.

4.  Questions of facts are otherwise involved in this case and which warrant a reversal of the judgment appealed from.

BEAUREGARD, J.  For purposes of its water purification and pumping plant, the City of New Orleans, on August 24, 1903, by expropriation proceeding acquired of P.  G.  Riddell six lots of ground in square No. 305 of the 7th. district and numbered 1, 4, 11, 13, 21 and 12 for which the city had offerred $700.

In these proceedings on September 4, 1903, intervened D. J. Butler setting up his ownership of lot 12 by acquisition of same from the defendant on January 7th., 1899, averring his willingness to sell same at the price offered, but with request that the price of said lot be paid over to him.  And he prayed for citation of both plaintiff and defendant.

To this intervention which was tried under direction of Court, separately and subsequent to termination of the main action, plaintiff failed or neglected to answer but defendant tendered the plea of no cause of action, which being overruled, then the general issue, with special negation of intervenor's ownership of the lot in question and a recitation of the title by which respondent had acquired said lot.

On termination of the main action the verdict of the jury followed by the judgment of Court fixed the value of said six lots at $1000 which the plaintiff deposited in Court and which was paid to the defendant less tax charges and less the sum of $100 (subject also to tax charges.) the estitmated value of lot No. 12 for which intervenor obtained judgment from which defendant Riddell now appeals.

169

# I.

## ON MOTION TO DISMISS.

In this Court appellee has moved to dismiss this appeal on the ground of incompleteness of the record attributable to appellant, as appears from the Clerk's certificate and this motion was in due time followed by appellee's answer, who reserving the benefit of his motion to dismiss prayed for such an amendment as would increase the judgment appealed from, from $100 to $150, the alleged judicial admission in defendant's answer of the value of the lot.

The motion to dismiss cannot prevail. In the first place, because of appellee's answer wherein he seeks an increase of the judgment in his favor, thereby waiving his motion to dismiss for formal irregularities, 39 A. 359.

In the second place, because it is apparent of record that the alleged incompleteness of the transcript is based on appellant's unwillingness to burden it with evidence which has not been reduced to writing; which had been adduced at the trial of the main issue between the plaintiff and the defendant and which it is contended (which is not denied) had never been offered by intervenor in his separate and subsequent trial of the matter at issue between himself and the defendant.

So, the transcript came up restricted to the question at issue between them. In 108 La. 432 Harvin vs Blackman held. ,'It is unquestionably true that, if an appellee has, in point of fact, placed matters in the District Court in such shape as would entitle him, in case of an appeal by his opponent, to maintain by the record the judgment in his favor, an appellant will be required to place matters before the Supreme Court in the same condition; but it is no part of the duty of an appellant to come to an appellee's assistance if the latter has, through laches and negligence on his part, failed to make out for himself a proper record.

# II.

## ASSIGNMENT OF ERRORS.

Appellant filed in this Court an assignment of errors founded on the alleged fact that the original plaintiff, the City of New Orleans, has filed no answer to the intervention, nor was a default taken against it and that therefore the intervention was not at issue when tried and judgment therein rendered.

Not only was this an error of fact not assignable as an error of law 25 A. 580, 39 A. 227, but any matter as between the plaintiff,

the City of New Orleans and the intervenor had been excluded in appellant's transcript.

Furthermore, as cited above, intervenor had acquiesced in the sale of the property he claimed to own and the proceeds had been deposited in Court subject to any claims thereto. So the intervenor, in point of fact, opposed the defendant only and not the plaintiff in suit. A default as to the latter could have been efficacious; not so to the plaintiff, C. P. 389, whom intervenor had, in fact joined.

## III.

### ON THE EXCEPTION OF NO CAUSE OF ACTION.

This exception had no weight with the Lower Court and properly so. The ownership of lot No. 12 was set up by intervenor and became a matter of proof.

## IV.

Intervenor's ownership rests on a promise to sell evidenced by an act under private signature of promissor and promissee of February 24, 1897, and fully carried out on January 7, 1899, when the last or balance of payment was made and acknowledged on the back of said act by the vendor.

But reference to the record showing the several mutations of title to this lot, their dates and the admission that the terms of the act under private signature had been qualifiedly complied with impress the conviction that intervenor's claim cannot be sustained.

It appears that the defendant had obtained the option, from the then owner of this lot, to sell the same and on February 24, 1897, carried it out by the act under private signature above referred to. That on February 14th., 1899 the title to the lot was, at intervenor's solicitation, put in the name of Mrs Elizabeth Kirkling a woman with whom he had been living on said lot.

Save objection to testimony going to prove this fact and of the interposition of a third person as the apparent when not the real vendee, yet this evidence, which could have been contradicted by the alleged vendee himself remains unrebutted.

It is of notorious practice that one may buy and direct the seller to place the property sold in the name of another. The dates of the transfers of this lot corroborate, or add credence to defendant's testimony supported by the documentary proof he adduces. Thus :

Full payment made on act under private signature on January

7th., 1899. Sale of lot by Mrs. Susan Riddell, widow Honse, on February 24th., 1899 to Mrs. Elizabeth Lewis Kirkling who died on November 8, 1900.

Her sole heir and brother, William Lewis sent into possession of said lot on Sept. 16, 1902.

Sale by William Lewis of said lot to P. G. Riddell on September 9, 1902: These documents further show that intervenor appeared as a witness certifying, in the succession of Mrs. Kirkling that William Lewis was her brother and sole heir. And also a witness to the deed in which Lewis sold his lot to the defendant.

It is a striking feature in this case that if defendant appeared as a witness in his own behalf, the intervenor failed to do so, chosing rather to stand on a single documentary proof which the record has indubitably shown to be of no effect. To hold that intervenor by appearing as a witness in the act referred to above was thereby aiding defendant in efforts to acquire the property in question for the benefit of intervenor and to carry out the terms of the act under private signature would be giving more weight to arbitrary inferences than the record warrants.

The judgment appealed from should be avoided and reversed and it is now ordered. And it is further decreed that intervenor's demand be and it is rejected at his costs in both Courts.

April 4, 1904.

Dufour, J. Dissents.

Rehearing refused May 2, 1904.