No. 2098

Second Circuit Appeal

---

ALONZO C. WHITTINGTON v. TOWN OF GLENMORA

---

(February 3, 1925, Opinion and Decree.)

---

(Syllabus by the Editor.)

1. Louisiana Digest—Estoppel—Par. 22.
Estoppel is not favored in law and should not be allowed except in clear cases.

2. Louisiana Digest — Municipalities—Par. 20, 57.
Where the mayor and town council, acting under Par. 15, Section 15, of Act 136 of 1898, reduced the salary of the town officers for four months due to insufficient funds, their action is valid and legal for four months.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. Leven L. Hooe, Judge.

REYNOLDS, J.

Action by Alonzo C. Whittington against the town of Glenmora to recover $37.50 per month for ten months during which time he worked as Marshal of the Town at a salary, he claims of $75.00 per month. Defendant claims the salary was $37.50 per month. Whittington received from the town $37.50 per protest. Defendant claims that because plaintiff received these payments he is estopped from now claiming the balance of $37.50 per month claimed by him.

There was judgment in favor of plaintiff, for $375.00, and defendant appeals.

Overton & Hill, of Alexandria, attorneys for plaintiff, appellee.

B. T. Hawkins, of Alexandria, attorney for defendant, appellant.

OPINION.

On the plea of estoppel plaintiff swears, and his testimony is uncontradicted, that he received each of the $37.50 per month payments under protest. Transcript, page 31, Mr. M. A. Blevins, clerk and alderman of the town of Glenmora, testifies as to the ordinance reducing the marshal's salary from $75.00 per month to $37.50 per month.

Q. Were you present the night the ordinance was passed?
A. Yes, sir.
Q. Did Mr. Whittington protest at the time?
A. He protested on the run. He was sitting in there when the salary was made. When the reduction was read he jumped up and said that there would be a lawsuit to

recover salaries, and called us a bunch of brainless wonders, and then he left immediately.

Under the testimony of Mr. Whittington and Mr. Blevins, we think there was a protest as to the reduction of the salary and that the payments of $37.50 per month were received under protest.

Estoppel is not favored in law, and should not be allowed except in clear cases.

Hornor vs. McDonald, 52 La. Ann. 396, 27 South. 91.

Harvin vs. Blackman, 108 La. 426, 32 South. 452.

## OPINION

In this case plaintiff in suing for $375.00, the difference between $37.50 per month for ten months paid to him as Marshal of the town of Glenmora, and $75.00 per month claimed by him as his salary during said ten months.

Plaintiff was elected Marshal of the town of Glenmora in April, 1921. At that time, by a resolution of the board of alderman of date August 6, 1918, the salary of the Marshal was fixed at $75.00 per month.

From the date of his election in April, 1921, up to September 1, 1922, he was paid $75.00 month, in accordance with and as provided in the ordinance.

On August 9, 1922, the following resolution was passed by the town council.

"Whereas it is necessary to reduce the expenses of the town of Glenmora, Louisiana, therefore be it resolved by the Mayor and Town Council in special sessions legally convened that the salaries of all elective officers serving the town of Glenmora, Louisiana, be reduced fifty per cent., to wit: The salary of the town Marshal shall be $37.50 per month; the salary of the town Mayor shall be $12.50 per month; the salary of each Alderman shall be $1.00 per month.

"Be it further resolved that this resolution shall become effective September 1,

1922, and shall remain in effect until December 31, 1922, unless otherwise provided.
Yeas:     4.
Nays:     0.
Dated this the 9th day of August, 1922, M. Quick, Mayor. M. A. Blevins, Clerk."

From the date this ordinance went into effect up to the close of his term the Marshal, plaintiff herein, received under protest $37.50 per month.

Under these conditions there are two questions to be decided.

Is the above ordinance legal and binding on plaintiff?

Paragraph 15, Section 15, of Act 136 of 1898 vests in the Mayor and Town Council authority to fix the compensation of all officers, and when this compensation has been so fixed it will not be disturbed by the courts unless it is shown that the Mayor and council have violated the discretion vested in them.

State, ex rel. Gentry vs. Village of Dodson, 123 La. 905, 49 South. 635.

State ex rel. Thurmond vs. City of Shreveport, 124 La. 178, 50 South. 3.

State, ex rel. Marrero vs. Ehret, 135 La. 643, 65 South. 871.

The ordinance in this case shows that not only was the salary of the Marshal reduced but that of all the officers of the town of Glenmora.

As to this reduction, Mr. M. A. Blevins testified (Tr. 50):

"They had borrowed all the money they could from the bank and still had insufficient funds to run out that year."

Mr. Quick, testified (Tr. 27):

"I don't think it was political prejudice, it was on account of insufficient funds to run the town, and the duties that he had at that time, or was doing."

This evidence is in no way contradicted or denied by the plaintiff.

Under the evidence we think the Mayor and town Council acted in good faith and clearly within their legal discretion in passing the ordinance reducing the salary of the Marshal and we now hold the ordinance as passed by the town of Glenmora legal and valid.

The second question to be decided is, does the resolution or ordinance have the effect of reducing the Marshal's salary after December, 1922?

We do not think it does.

Under its terms it is limited in its effect to the months of September, October, November and December, 1922, and obviously cannot be extended.

Without the resolution, the plaintiff was entitled to collect the salary of $75.00 per month fixed under the ordinance and resolution previously passed, and such ordinance the town Council recognized when they reduced the salary 50% for four months.

It is therefore ordered, adjudged and decreed that the judgment of the lower court allowing plaintiff $37.50 additional each month for the months of September, October, November and December, 1922, be and the same is reversed, and the judgment allowing $37.50 additional each month for the remaining six months is affirmed; and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff Alonzo C. Whittington and against the town of Glenmora, Louisiana, for the sum of $225.00 with five per cent per annum interest thereon, on $37.50 of said amount from February 1, 1923; and on $37.50 of said amount from March 1, 1923; and on $37.50 of said amount from April 1, 1923; and on $37.50 of said amount from May 1, 1923; and on $37.50 of said amount from June 1, 1923; and on $37.50 of said amount from July 1, 1923; until paid, and for all costs in the lower court. The costs of the appeal to be paid by plaintiff.